JOHNSON, Plaintiff, v. JONES, as State Auditor, et al,

Defendants.

(203 N. W. 206.)

(File No. 5892.   Opinion filed April 6, 1925.)

**Colleges and Universities—Officers—Board of Regents—Plaintiff Held Appointed as Member of Board of Regents for Full Six-year Term.**

> Where plaintiff was appointed as member of State Board of Regents in January 1921, "for term ending January 1, 1927," and Governor's message to Senate stated that plaintiff was appointed for period ending January 1, 1927, "or when his successor * * * shall have been appointed and have qualified," held that appointment was for full term of six years; the quoted clause of message merely referring to R. C. 1919, Sec. 5562.

Original proceedings in mandamus by John O. Johnson against Edward A. Jones, as Auditor of the State of South Dakota, and another. Writ issued.

*Sutherland, Payne & Linstad,* of Pierre, for Plaintiff.

*Buell F. Jones,* Attorney General, for Defendant Jones.

*Fuller & Robinson,* of Pierre, for Defendant Parmley.

POLLEY, P. J. This is an original proceeding in mandamus. The defendant Edward A. Jones is state auditor. The plaintiff has for some time past been acting as a member of the State Board of Regents, and on or about the 1st day of March, 1925, presented to defendant Jones a voucher for his salary for the month of February, 1925, and demanded that said defendant issue to him a warrant on the treasurer for said salary. The auditor refused to issue said warrant, basing such refusal on the ground that plaintiff's term of office had expired, that his successor had been appointed and qualified, and that plaintiff was no longer a member of such board or entitled to his claimed salary as such.

That plaintiff had been duly appointed and his appointment confirmed by the Senate on or about the 31st day of January, 1921, is not questioned by the auditor; but it is claimed that plaintiff was appointed to complete a term of office that had expired on the 1st day of January, 1923, and that so soon as a successor had been appointed and qualified, plaintiff's membership of said board and all his rights as such ceased. We fail to find any support in the record for this contention.

It is conceded by all parties to this proceedings that on the 3d day of January, A. D. 1921, there were three places on the Board of Regents to be filled by appointment by the Governor. Two of these places were for full six-year terms, beginning on the 1st day of January, 1921, and expiring on the 1st day of January, 1927; and the other for two years of a term ending January 1, 1923, which had become vacant by resignation. On the 3d day of January, 1921, the Governor appointed plaintiff as a member of said board, and issued to him a certificate of appointment, "For a term ending January 1, 1927." On the 31st day of January, 1921, this appointment was transmitted to the Senate, then in session, by a message from the Governor, which message reads as follows:

"I have the honor to report that January 3, 1921, the then Governor, Hon. Peter Norbeck, appointed John O. Johnson, of Watertown, Codington county, a Regent of Education, for the period ending January 1, 1927, or when his successor in office shall have been appointed and have qualified. In accordance with the law, this recess appointment is hereby transmitted to you for your consideration and confirmation."

And such appointment was considered and confirmed by the Senate on said date.

That plaintiff immediately qualified and entered upon the duties of said office and has performed the duties of said office since said date is conceded; and we find nothing in the record that in any manner indicates an intention on the part of either the Governor or the Senate that plaintiff was appointed to fill an unexpired term or any term other than a six-year terms as indicated by the certificate of appointment.

The clause in the Governor's message of transmission, "or when his successor shall have been appointed and have qualified," is merely a reference to that provision in section 5562, R. C. 1919, fixing the length of the term of office of the Regents of Education. Just what is meant by the term "recess" where it is used in this message is not clear; but it probably refers to the fact that the appointment was made prior to the convening of the Legislature, the Legislature having convened on the 4th day of January, 1921.

It is not necessary to determine, and we do not determine, in this proceeding, whether the defendant Parmley is a legally appointed member of the Board of Regents or not. No reason having been shown why plaintiff is not a member of the Board of Regents and entitled to the salary therefor, the peremptory writ of mandamus will issue as prayed for.

CAMPBELL, J., not present.

Note.—Reported in 203 N. W. 206. See, Headnote, American Key-Numbered Digest, Colleges and universities, Key-No. 7, 11 C. J. Sec. 20.